FRED AUSTIN et al. v. STATE.

No. A-3216—Opinion Filed April 1, 1920.

Rehearing Denied Jan. 15, 1921.

(194 Pac. 457.)

(Syllabus.)

APPEAL AND ERROR—Absence of Brief—Review. On appeal from
a judgment of conviction in a felony case when no briefs are
filed or argument presented, this court will make an examina-
tion of the record, and if no fundamental error is apparent, and
the evidence is sufficient to sustain the conviction, the judg-
ment will be affirmed.

*Appeal from District Court, Garfield County;*

*J. C. Robberts, Judge.*

Fred Austin and Joe Austin were convicted of con-
ducting a gambling game, and they appeal. Affirmed.

*H. J. Sturgis,* for plaintiffs in error.

*W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiffs in error were convicted
and the punishment of each assessed at imprisonment
in the penitentiary for one year and a fine of $500 on
an information which in substance charges that in Gar-
field county, on or about the 22d day of February, 1917,
Fred Austin and Joe Austin did then and there unlaw-
fully, willfully, and feloniously open, cause to be opened,
and conducted and carried on a gambling game, which
game was played with cards for money, chips, credits,
and other representatives of value. From the judgment

rendered on the verdict, an appeal was taken by filing in this court on December 6, 1917, a petition in error with case-made. No brief has been filed and there has been no appearance on behalf of the defendants on their appeal.

An examination of the record discloses that no exceptions were taken during the course of the trial. The testimony of the several witnesses for the state supports the allegations of the information. The testimony of the defendants and two or three other witnesses tended to support the plea of not guilty. However, the proof on the part of the state seems to have satisfied the jury as to the defendants' guilt. We find no error affecting the merits of the case.

The judgment of the district court of Garfield county is therefore affirmed.

ARMSTRONG and MATSON, JJ., concur.